IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WILLIAM A. TACCINO, *et al.*,                      *

      Plaintiffs,                                        *

      v.                                                 *

                                                   CIVIL NO. JKB-21-0840

ACT 1ST FEDERAL CREDIT UNION,                      *

      Defendant.                                         *

   *    *    *    *    *    *    *    *    *    *    *    *

## MEMORANDUM AND ORDER

Plaintiffs William and Carol Taccino brought various claims under state and federal law against Defendant Act 1st Federal Credit Union in Allegany County Circuit Court for alleged predatory lending practices. (Compl., ECF No. 3.)   On April 2, 2021, Defendant removed the case to this Court (*see* Not. Removal, ECF No. 1), and moved to dismiss all of Plaintiffs' claims for failure to state a claim (*see* Mot. Dismiss, ECF No. 2). Plaintiffs filed a response in opposition to Defendant's Motion to Dismiss on May 3, 2021, and Defendant replied on May 14. (*See* ECF Nos. 9, 12.) Now pending before the Court is Plaintiffs' Motion/Request for Continuance. (Mot. Continue, ECF No. 13.) Plaintiffs' motion is fully briefed, and no hearing is required. *See* Local Rule 105.6 (D. Md. 2021). For the reasons set forth below, Plaintiffs' motion (ECF No. 13) will be DENIED.

### I.     *Background*

Over a roughly two-year period, Plaintiffs allegedly applied for and obtained a series of loans from Defendant. (*See* Compl. ¶¶ 1–3, 5, 7, 11.) Due to financial difficulties resulting in part from the COVID-19 pandemic, Plaintiffs allegedly were unable to timely repay those loans.

1

(Compl. ¶¶ 19–26.) Plaintiffs bring nineteen claims under state and federal statutes, as well as state tort law, against Defendant for allegedly engaging in predatory lending, improperly denying Plaintiffs' applications for loans, and damaging Plaintiffs' credit scores. (*Id.* ¶¶ 81–100.)

In the present motion, Plaintiffs seek a continuance so that Plaintiffs can "ask the U.S. Justice Dept. to investigate the issues of fraud alleged in the complaint"; "ask the FTC why the Defendant refused to offer to work with Plaintiffs during the pandemic;" and "ask the Md. Attorney General about vehicle repossession laws in Maryland." (Mot. Continue at 1.) Plaintiffs add that, with respect to the statute of limitations that pertains to some of their claims, "the court was closed at various times during the pandemic stopping the tolling of the clock." (*Id.*) Plaintiffs ask for a "90 day extension of time, or at least until responses are received from the above-mentioned agencies." (*Id.*)

In response, Defendant argues that Plaintiffs' motion is an impermissible surreply insofar as it makes legal arguments, such as its claim that the statute of limitations should be tolled. (Opp'n Mot. Continue at 2, ECF No. 14.) Defendant adds that Plaintiffs' motion should be construed as a motion for a stay, rather than a continuance, because "there is no presently scheduled event on the Court's docket to be continued." (*Id.* at 3.) Plaintiffs never filed a reply to Defendant's response.

## II.    Legal Standard

Motions for continuance are typically used to seek extensions of impending court-issued deadlines. *See Continuance*, BLACK'S LAW DICTIONARY (11th ed. 2019) (defining "continuance" as "[t]he adjournment or postponement of a trial or other proceeding to a future date"); *see, e.g.*, *Koon as next friend of Glay v. Edwards*, Civ. No. DKC-17-2799, 2019 WL 4958063, at *2–3 (D. Md. Oct. 8, 2019) (ruling on a motion for continuance of the trial date); *Thomas v. Comm'r, Soc.*

2

*Sec.*, Civ. No. WDQ-10-3070, 2012 WL 202654, at *2 (D. Md. Jan. 20, 2012) (considering "a Motion for Continuance requesting that the deadline [for filing a reply to a motion for summary judgment] be extended"). A motion to stay, in contrast, is a mechanism for placing a court's proceedings on hold for a specified period of time, or pending the outcome of a certain event. *See Stay*, BLACK'S LAW DICTIONARY (11th ed. 2019) (defining "stay" as "[a]n order to suspend all or part of a judicial proceeding or a judgment resulting from that proceeding"); *see, e.g., Krell v. Queen Anne's Cnty.*, Civ. No. JKB-18-0637, 2020 WL 416975 (D. Md. Jan. 27, 2020) (considering "Defendants' motion to stay the case pending the resolution of their appeal").

It is well established that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 379 (4th Cir. 2013) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983). "When considering a discretionary motion to stay, courts typically examine three factors: (1) the impact on the orderly course of justice, sometimes referred to as judicial economy, measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected from a stay; (2) the hardship to the moving party if the case is not stayed; and (3) the potential damage or prejudice to the non-moving party if a stay is granted." *Int'l Refugee Assistance Project v. Trump*, 323 F. Supp. 3d 726, 731 (D. Md. 2018).

### III.    Analysis

In their cursory, one-page Motion for Continuance, Plaintiffs clearly fall short of meeting their burden to present clear and convincing evidence that a stay of this lawsuit is warranted.

Plaintiffs do not explain how the responses they seek from various federal and state agencies would assist this Court in resolving this case. It is unclear why Plaintiffs expect to hear back from these agencies within ninety days, or alternatively, how long they expect this Court to extend the stay if Plaintiffs do not receive responses within ninety days. Relatedly, Plaintiffs do not identify—let alone provide clear and convincing evidence of—any hardships that they may face in the absence of a stay of the proceedings in this case. In short, it does not seem that a stay would be calculated to achieve any meaningful outcome in this lawsuit.

On the contrary, granting a stay at this early stage of the litigation is likely to undermine both Defendant's interests and the interests of judicial economy. As Defendant points out, Plaintiffs recently decided, of their own accord, to file the present lawsuit. Plaintiffs had ample opportunities to contact federal and state government agencies prior to filing this suit, yet they chose not to pursue that strategy. (*See* Opp'n Mot. Continue at 4, ECF No. 14.) Plaintiffs provide no evidence of any changed circumstances since this suit was filed that would render contacting these agencies more feasible or more effective. Additionally, injecting an indefinite delay into this proceeding could present prejudicial difficulties for Defendant. *See Dynport Vaccine Co. LLC v. Lonza Biologics, Inc.*, Civ. No. JKB-14-2921, 2015 WL 5768707, at *2 (D. Md. Jan. 10, 2015) (denying a stay when the movant "has failed to show it will be subjected to hardship if a stay is not issued," and explaining that imposing "an indeterminate stay . . . will surely prejudice [the nonmovant's] efforts to achieve prompt resolution of the instant case"). Further, Plaintiffs provide no evidence from which to conclude that a ninety-day hiatus in the case at this stage would simplify any factual or legal issues in a manner that promotes judicial economy. *See Trump*, 323 F. Supp. 3d at 731.

4

## IV. *Conclusion*

For the foregoing reasons, this Court hereby DENIES Plaintiffs' Motion/Request for Continuance (ECF No. 13).

DATED this **11** day of August, 2021.

BY THE COURT:

James K. Bredar
Chief Judge

5